Staples, J.
It is universally conceded that partnership creditors are entitled to the preference over separate creditors in the administration of partnership assets. But the converse of the proposition, that separate creditors are entitled to the preference in the administration of the separate estate, involves other considerations, and is by no means universally conceded. Upon this proposition the authorities are conflicting and irreconcilable. In *587 this state the question has never been decided. It was the subject of an elaborate and exhaustive discussion Morris v. Morris, 4 Gratt. 293, between Judges Allen and Daniel; the former insisting that the rule which confines the creditors of the partnership to the partnership estate until the claims of the separate creditors are satisfied, is peculiar to the English courts in bankruptcy, aud is utterly destitute of support from the general principles of equity. Judge Dauiel, on the other hand, maintained the rule as founded on the general jurisdiction of courts of chancery, to be enforced whenever, from any cause, the estate of a deceased partner is brought within the cognizance of a court of equity. It will be observed, that the point of controversy between these judges, related to the proper distribution and application in equity of the separate estate of a deceased partner, which ivas insufficient to discharge both partnership and private debts.
The question under consideration here, whether a court of equity can deprive a joint creditor of a bona fide lien upon the separate estate of a partner, did not arise in that case. Judge Allen, however, said that a partnership creditor might levy his execution upon the separate estate of a partner, and that such levy could not be avoided by a separate creditor having no specific lien, was a proposition not to be controverted. Judge Daniel conceded it was perfectly competent for either partner to secure the payment of a firm debt, by giving a lien on his separate estate, which may wholly exclude his separate creditors, during his life and after-his death, till such lien was satisfied. And I think it might be demonstrated, both on reason and upon authority, that when the joint creditor has by his superior diligence secured such a lien, a court of equity will not interfere to prevent his enforcing it, upon a mere suggestion of the insolvency of the partnership or the individual members composing it; and that it is only when *588 the creditors are compelled to resort to a court of equity obtain possession of the assets, that the rule will be a^°P^e(^j which confines the joint creditors to the social assets until the separate creditors are satisfied. How-may be, that rule is subject to several very important exceptions. One of these exceptions is, that the separate creditor is only entitled to priority when there is partnership property, or a living solvent partner. When there is neither one nor the other, the joint creditors are entitled to participate pari passu, with the separate creditors in the separate estate. In such case all the creditors, joint and several, stand upon common ground without a preference accorded to either. They are, however, mere equities, duly respected and enforced in courts of chancery in cases appropriate to the jurisdiction of those courts. But when the partnership creditor, by virtue of his judgment or execution, acquires a lien upon the separate estate of a partner, he has obtained a legal advantage of which he cannot be deprived by any one having only equal equity with himself. The equities being equal, the legal priority must be respected by every court.
I have seen but one case in which this precise point was involved. In Bardwell v. Perry, 19 Verm. R. 292, 302, Redfield, J., delivering the opinion of the court, uses this language : “In this particular case, there being no joint estate or solvent partner, the orators could not exclude the defendants from a share in the separate estate of each partner, even under the English bankrupt laws. The parties, therefore, standing precisely equal in point of equity, and the defendants having first attached the property, and thereby gained a prior right at law, must be permitted to pursue that right.
In this case the appellees sued at law, obtained a judgment and execution against both partners, and thus acquired a lien upon the joint and separate estate of their debtors. This lien was fully consummated by *589 process of garnishment against a debtor of one of the partners, and a judgment against such garnishee. The appellant is a separate creditor of the same partner, and has also a judgmentrand execution, but subsequent to that of the appellees. It is to be inferred, and was conceded in the argument, that the partnership and the individual partners are insolvent. It will thus be seen that the appellees have the prior statutory lien, the legal validity of which cann'ot be questioned. Their equity to the payment of that debt is equal to that of the appellant. Upon what principle is it they are to be deprived of this lien ? It is said that the insolvency of the partners raises an equity in behalf of the private creditors. Is not this practically a repeal of the statute giving the lien of an execution, or can the courts incorporate into that statute an exception the Legislature has omitted ? Can they annul a lien fairly obtained, wrest the property from the custody of the law, and proceed to distribute it upon certain arbitrary equitable rules, because the debtor happens to be in failing circumstances % Suppose the joint creditor acquires his lien when the partner is perfectly solvent. It will scarcely be maintained that his subsequent insolvency will invalidate the lien. If the rights of the joint creditor depend upon the pecuniary condition of the debtor, the courts must accurately determine, not only what constitutes insolvency, but precisely when it commenees, in order to determine the validity of the respective liens : certainly a difficult undertaking in States having neither bankrupt laws nor statutory insolvencies.
Upon the death of a partner, the joint creditor loses all remedy against his estate at law, and must resort to a court of equity for payment. In such ease theré may be some foundation for the rule requiring him to submit to an equitable administration of the assets. And so, where there are two funds, joint and several, the courts will not allow a [creditor, Laving control 'of both, to *590 attach himself upon one fund, to the prejudice of him who has no other. This is upon the familiar principle marshalling assets, and is no interference with vested rights. When, however, the creditor is not seeking assistance of a court of equity; when he has acquired a valid legal right to satisfaction from the estate of his debtoi’, it is impossible to take that estate from him and appropriate it to another creditor, without a judicial repeal of the statute.
I shall not stop to examine the only two cases cited by counsel, in which this doctrine was broadly maintained. One of them was decided by a chancellor of South Carolina, and the other a vice-chancellor of New York. Opposed to these cases, there is an array of authorities imposing in numbers and respectability. Meech v. Allen, 17 New York R. 300; McCulloh v. Dashiel’s adm’or, 1 Harris & Gill R. 96; Cleghorn v. Insurance Bank of Columbus, 9 Georgia R. 319; Kerby v. Schoonmaker, 3 Barb. Ch. R. 46; Allen v. Wells, 22 Pick. R. 450; 1 Am. Lea. Cases, edition of 1871, page 472. In regard to the case of Jackson v. Cornell, decided by the vice-chancellor of New York, Judge Joynes, in Gordon v. Cannon, 18 Gratt. 387, 415, said that case was overruled by Judge Scarburgh in the Circuit court of Petersburg in 1850, upon the ground that there was no such rule in equity as that announced by the vice-chancellor; and upon an application to this court for an appeal, the appeal was refused. In McCollough v. Sommerville, 8 Leigh, 415, the social and separate effects were conveyed for the payment of partnership and separate debts indiscriminately. This court l’eformed the deed, applying the social effects to the joint debts, and the separate estate to the separate debts, according to the presumed intention of the parties.
The learned counsel for the appellant insisted that as a bankrupt system now prevails in the Hnited States, the proceedings in the State courts should conform to the *591 rules in bankruptcy in respect to the administration of partnership and separate assets. It would certainly bo going very far to say, that in any case of an insolvent partnership, a State court should assume jurisdiction to administerthe assets by analogy to the rules in bankruptcy. But it is unnecessary to discuss that question. It is true that according to the practice in the United States courts, under the provisions of the statute, when the partnership is in bankruptcy, the social effects are applied to the social demands, and the separate effects to the individual claims. But those courts adopt the rule of excluding the partnership creditors from the separate estate, only where there are partnership assets, or a living solvent-partner. They also recognize and enforce all liens bona fide acquired by any creditor under the State laws, prior to the commencement of proceedings in bankruptcy. But if the State courts may disregard all such liens in cases of insolvent partnerships, so far from conforming to the rules of the bankrupt courts, they would repudiate legal priorities which the latter courts respect in the administration of partnership assets. It seems to me, therefore, that the learned counsel for the appellant derives no support from the bankrupt laws of the United States.
It was also insisted, that as the partnership creditors have a prior right to the partnership assets, a similar preference should be given the separate creditors with respect to the private property of the individual partners. It is true, that upon the dissolution of the partnership by the death, or bankruptcy of one of the partners, the joint creditors have a quasi lien upon the joint effects. This lien, however, does not result from any preference accorded to them, but from the equities existing between the partners themselves. Each partner may insist upon the application of the joint effects to the joint creditors, and that the separate creditors shall be excluded until the joint liabilities are fully satisfied. In this way the joint creditors must be first paid in order to the admin *592 istration of justice to the partners. Whatever equities the joint creditors have, ai’ise out of the equities between the partners themselves; whatever liens they assert depend upon the lieu of the partners upon the partnership funds for the payment of the partnership debts. Whether the separate creditor may insist upon his priority when the separate estate of a deceased partner is in a court of equity for distribution, which was so elaborately discussed in Morris v. Morris, is a question not necessary nor intended to be decided now.
If, however, the appellant were correct in his view of the law, his bill is not framed in accordance with the principles he invokes. There being no partnership assets, and no solvent partner, according to the equitable doctrine all the creditors should be permitted to participate pari passu in the separate estate, and with that view all of them should have been parties to the bill. The appellant has brought the appellees only before the ■court; and by his pleading presents the single issue, whether he is not entitled to satisfaction out of the fund in controversy, notwithstanding the legal priority of the •appellees.
I think the Circuit court did not err in dissolving the injunction, and dismissing the bill.
The other judges concurred in the opinion of Staples, J.
Decree affirmed.